The opinion of the court was delivered by
McEnery, J.
This is a suit by the School Board of the Parish of Bast Feliciana, against Geo. H. Paekwood, ex-treasurer of the School Board, and the sureties on his official bond, for the sum of $10,000 claimed to be due said School Board by the defendant.
The case was tried by a jury and there was a verdict and judgment thereon in favor of defendant, from which the School Board has appealed.
The defendant was the treasurer of said board from January, 1884, to the 4th day of September, 1888.
*469 A new School Board was appointed in 1888, and the books of the defendant delivered to the new board; but on examination of these books, the new board conceived the idea that -Packwood had not fully and faithfully accounted for the school funds in his custody in his quarterly statement with the old board.
In substance, the petition alleges that the settlements of Packwood with the board were false and fraudulent, based on false statements; and that said board received the same in error and in error granted a discharge to said Packwood.
The object of this suit is to rescind the settlement made between the School Board and its treasurer and the annulment of the discharge granted to him.
The acts and proceedings of the board were within .the scope of its authority. The settlement and discharge must be presumed to be correct and conclusive, unless the same were obtained, as alleged in the petition, through false and fraudulent statements and vouchers, and accepted by the board through error.
The burden of proof is on the plaintiff to prove the facts which would annul the settlement and discharge made with the School Board by the defendant.
On the trial, there was a total absence of any such proof. The defendant therefore might have rested his defence on this failure of the plaintiff board to show the fraud alleged in the petition.
The plaintiff, it seems, relied upon the entries and statements in defendant’s books, and the failure of the School Board to hold regular quarterly meetings, when the defendant should have tendered his quarterly statements.
The books may have been irregular in their arrangements, and confused in their statements in containing summarized instead of itemized accounts; and the School Board may not have assembled as often as duty prompted; yet if the defendant tendered his quarterly statements when the board met, and accounted for all funds received and disbursed by him, it would be harsh to hold him responsible for his deficiencyTn book-keeping, or for the failure of the School Board to meet regularly and receive and examine his statements.
If the funds in his hands were properly administered and reached their proper destination, he is entitled to credit for the amounts legally paid out by him, although he may have been at fault in the *470 exact and proper arrangement of his books, and may not have made his quarterly statements to the School Board at the time appointed for its quarterly meeting. Simmons & Leroy vs. Boulit, 26 An. 277.
It is not shown by the record that defendant received any greater sums of money than he charged himself with, in his statements made to the School Board, upon which his several discharges were granted. If they were false in this respect, it was an easy matter to show it, as the sources ■ for revenue for school purposes are few, and the information necessary to show the amounts received from each source, was accessible.
The disbursement of the fund reaches only a few-objects. The main one is for the payment of salaries of teachers, and the others for repairs to school buildings, salary of secretary and incidental expenses, amounting in the aggregate to an insignificant sum, when compared to the amount set apart for the payment of teachers.
The School Board employed the teachers and must have known the number of teachers to whom salaries were due and the amount of such salaries. It is its duty to order repairs and authorize incidental expenses, and it must have known, whether the repairs were done and the incidental expenses incurred, and the amount due for each item of expense thus authorized.
It is not probable therefore, in such matters, embracing such few objects, all of which were within the knowledge of the board, that it could have been imposed upon without culpable negligence on its own part.
There is no allegation in the petition, nor is there any evidence in the record, that even suggests negligence on the part of the School Board.
A most significant fact in this case is, that there is not a teacher complaining of the failure to receive his salary; nor is there any one complaining of not receiving what was due him.
At various times, the defendantmadehis settlement with the School Board, and received a qnietus for each settlement. The last and final settlement was made on July 7, 1888.
The minutes of the School Board say of this settlement: “The treasurer submitted his reports and vouchers to date, which, together with his books, were examined and found correct, with a balance of 138.95 on hand, after which the vouchers were burned by the board.” The previous statements to the board by the defendant were lost or *471 destroyed. They were in the custody of the board. A summarized statement of each settlement was forwarded to the State Superintendent of Education.
These compared in amounts with the settlement with the School Board.
All the members of the School Board signed the last and final settlement on 7th July, 1888.
W. E. Norseworthy was the president of the board during defendant’s official connection with it. He was certainly competent to examine-and credit defendant’s accounts. He is a graduate of Centenary College, and was at one time a professor in that institution. His testimony is conclusive as to the settlements made by defendant with the board. It shows that all statements and vouchers were carefully and critically examined, particularly the last and final settlement. His testimony is corroborated by other members of the School Board.
There are some minor details relating to clerical errors that it will not be necessary to discuss, such as the fee received by D. R. Rutland, the attorney for the School Board in this suit, which figured in the amount attempted to be charged to the defendant and which was not credited to him; and defendant’s error in his statement as to an amount which he imagined he owed the School Board, and which he expressed a willingness to pay, but which, on investigation, was found still to be in the State school fund, and was not paid to defendant.
The evidence convinces us that the defendant honestly and faithfully accounted for all the school funds received by him, and the quietus granted him by the School Board was given, after a careful and patient examination of his accounts as treasurer of said board.
Judgment affirmed.